UNITED STATES DISTRICT COURT
for the
Southern District of Florida

LAZARO MONTERO,

    Plaintiff,

v.                                                       Civil Action: 19-cv-81511-ROSENBERG

AARGON AGENCY, INC., and
WELLINGTON REGIONAL MEDICAL
CENTER, LLC,

    Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

COMES NOW Defendant, WELLINGTON REGIONAL MEDICAL CENTER, LLC (hereinafter "WELLINGTON"), by and through undersigned counsel, and hereby moves this Honorable Court to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6) as they have failed to state a claim upon which relief can be granted, and in support thereof submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Defendant, WELLINGTON, has been named as a Co-Defendant in a Complaint alleging violations of the Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act, Fla. Stat. §559.72(5). No federal claim has been raised against WELLINGTON. The only claim against WELLINGTON is a violation of Fla. Stat. §559.72(5).

Plaintiff claims that WELLINGTON violated the aforementioned statute by referring Plaintiff's account to a third party collection agency (Co-Defendant AARGON AGENCY, INC., hereinafter "AARGON") when it "knew or had reason to know" that AARGON did not have a legitimate business need for the information or that the information was false. See paragraph 48 through 50 of Plaintiff's Complaint. Plaintiff further alleges in the Complaint that WELLINGTON knew that it could not collect or receive a fee from the Plaintiff for medical services rendered at WELLINGTON on or about May 30, 2018, because Plaintiff had communicated to WELLINGTON at the time of service that the injuries he sought treatment for were sustained while in the course and scope of his employment, and as such Florida Statute 440.13(13)(a) prevented a health care provider from collecting or receiving payment from the injured employee. For these purported violations, Plaintiff seeks statutory damages under Florida Statute 559.77(2) , an injunction prohibiting WELLINGTON from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA, and attorneys' fees and costs.

Plaintiff has failed to state a claim upon which relief can be granted against WELLINGTON as it has failed to provide any necessary information to maintain his claim against WELLINGTON. Specifically, Plaintiff has failed to provide any dates, times, or further detail as to the purported communications between WELLINGTON and AARGON, and Plaintiff has failed to sufficiently plead an important element necessary to prevail on his claim against WELLINGTON, to wit: that any communication of information to AARGON by WELLINGTON affected Plaintiff's reputation.

The Complaint is deficient in that it fails to sufficiently allege and establish any violation of Fla. Stat. §559.72 by WELLINGTON. Plaintiff has failed to comply with Fed. R. Civ. P. 8.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure set forth minimum pleading requirements. Rule 8 of the Fed. R. Civ. P. requires plaintiffs to provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), (d) ("Each allegation must be simple, concise, and direct."). If a complaint fails to state a plausible or legally sufficient claim, the defendant may file a motion to dismiss under Rule 12 (b)(6). *See Popham v. Cobb Cty., Ga.*, 392 F. App'x 677, 678 (11th Cir. 2010).

With respect to the pleading standard in general: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations […], a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Company v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. […] A pleading that offers 'labels and conclusions' or formulaic recitation of the elements of a cause of action will not do.' […] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, *Twombly* and *Iqbal* have articulated a "plausibility standard," whereby "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *See also Geller v. Von Hagens*, No. 8:10-CIV-1688-EAK, 2010 WL 4867540, at *2 (M.D. Fla. Nov. 23, 2010) (discussing the post-*Iqbal* pleading standard, and noting that "[b]ecause of the necessity to show plausibility, the past practice of construing the complaint in

the light most favorable to the pleader and drawing all inferences in his favor has been replaced by construing a pleading against the pleader…).

### III. ARGUMENT

**A. Plaintiff Has Failed To State A Upon Which Relief Can Be Granted Against WELLINGTON Due To (a) Its Failure To Provide Any Evidence That Plaintiff's Reputation Has Been Affected and (b) Its Failure To Provide Specific Details Related To WELLINGTON's Purported Actions Which Constitute A Statutory Violation.**

Plaintiff asserts in Count III of his Complaint that WELLINGTON violated Fla. Stat. §559.72(5) when it communicated to AARGON information related to a purported debt owed to WELLINGTON for services rendered to Plaintiff on or about May 30, 2018. Fla. Stat. §559.72(5) provides as follows:

> In collecting consumer debts, no person shall:
>
> (5) Disclose to a person other that the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

In order to state a cause of action for violation of this Florida statue, Plaintiff must show the following elements: (1) that there was a disclosure of information to a person other than a member of debtor's family, (2) that such person does not have a legitimate business need for the information, and (3) that such information affected the debtor's reputation. See *Heard v. Mathis*, 344 So.2d 651, 655 (Fla. 1977). Furthermore, "[r]eputation is what is reported or understood from reports to be the community's estimate of the person's character." *Id.*, citing to *Fine v. State,* 70 So. 379 (Fla. 1915). The statute requires a showing that the debtor's reputation was adversely affected following the publication. *Id.*

Plaintiff's Complaint fails to sufficiently allege this required element in order to ever prevail against WELLINGTON in Count III. Plaintiff's only allegation even referring to his reputation is conclusory and contained within paragraph 50 of the Complaint. Plaintiff states:

> Despite knowing that it (Defendant-Creditor) did not have any entitlement or authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor knowingly disclosed to Defendant-DC information affecting Plaintiff's reputation that Defendant-DC did not have *a legitimate* business need for and/or information that was false.

Plaintiff's Complaint in no way describes if his reputation was affected or how it was affected. It is not enough to state that information purportedly communicated to AARGON hypothetically would affect Plaintiff's reputation. See Fed. R. Civ. P. 8(a), (d) and *Bell Atlantic Company v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons alone, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, Plaintiff's Complaint fails to provide any necessary facts that would allow WELLINGTON to respond to the claim made against it. Specifically, Plaintiff has failed to state when the medical services were rendered to Plaintiff at WELLINGTON, what specifically was communicated regarding Plaintiff's injuries, to who said information was purportedly communicated that would have informed WELLINGTON that the injury occurred in the course and scope of his employment, the dates and/or times WELLINGTON communicated with AARGON, and the content of the communication between WELLINGTON and AARGON. Additionally, Plaintiff has failed to attach any record, documentation, or other evidence necessary to establish that he in fact communicated to WELLINGTON that he had suffered a work-related injury. The Complaint is deficient of many details needed in order for WELLINGTON to ever be able to respond to said pleading.

Additionally, one element of the relief sought by Plaintiff includes an injunction prohibiting WELLINGTON from "engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA". See paragraph 52 of the Complaint. However, Plaintiff's Complaint does not claim that WELLINGTON attempted to collect any debt from Plaintiff. This relief sought is inconsistent with the rest of the Complaint and should be stricken as it is not supported by any portion of Plaintiff's pleading.

Lastly, due to Plaintiff's deficiency in detailing important dates related to communications between WELLINGTON and AARGON, and between AARGON and Plaintiff, WELLINGTON reserves the right to raise lack of subject matter jurisdiction as a defense in the event Plaintiff has failed to <u>timely</u> bring his 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 claims against AARGON and thus supplemental jurisdiction under 28 U.S.C. §1367 does not exist.

For these reasons, Plaintiff's Complaint has failed to state a claim upon which relief can be granted against WELLINGTON and must be dismissed.

### IV. CONCLUSION

As argued above, Plaintiff has failed to s state a claim upon which relief can be granted against WELLINGTON for violation of the Florida Consumer Collections Practices Act, §§559.72. Additionally, Plaintiff's Complaint is factually deficient as it fails to include vital information such as relevant dates and times of communications between the parties. Having failed to comply with basic pleading requirements of Federal Rule of Civil Procedure 8, this Complaint must be dismissed

WHEREFORE, Defendant, WELLINGTON REGIONAL MEDICAL CENTER, LLC, respectfully requests an Order Dismissing Plaintiff's Complaint against it, and any other relief deemed appropriate by this Court.

Respectfully Submitted,

        JAY COHEN, ESQ.
        Attorney for Defendant Wellington Regional
        100 SE 3rd Avenue, Suite 1100
        Fort Lauderdale, FL 33394
        Telephone: (954) 449-8700
        Facsimile: (954) 763-6093
        pleadings@jaycohenlaw.com

        s/*Jay Cohen*_____
        Jay Cohen, Esq.
        Florida Bar No. 0292192
        Rudwin Ayala, Esq.
        Florida Bar No. 0084005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via Electronic mail on December 5, 2019, to: **Service List** attached**.**

        Cohen, Blostein & Ayala PA
        *Counsel for Defendant Wellington Regional*
        100 S.E. 3rd Avenue, Suite 1100
        Fort Lauderdale, FL 33394
        954-449-8700 / Fax: 954-763-6093
        pleadings@jaycohenlaw.com

By:   *s/ Jay Cohen*
        JAY COHEN
        Florida Bar No. 0292192
        RUDWIN AYALA
        Florida Bar No. 0084005

## SERVICE LIST

*Lazaro Montero v. Wellington Regional Medical Center, et al.*
Case No. 19-CV-81151-ROSENBERG

**Jibrael S. Hindi, Esq.**
**Thomas J. Patti, Esq.**
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744, Fort Lauderdale, FL 33301
T: 954-907-1136/ F: 855-529-9540
**Eservice: jibrael@jibraellaw.com; tom@jibraellaw.com**
*Counsel for Plaintiff*


**Paul A. Herman, Esq.**
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560, Delray Beach, FL 33445
T: 561-236-8851/ F: 561-431-2352
**Eservice: paul@consumeradvocatelaw.com**
*Counsel for Plaintiff*


**Joel Brown, Esq.**
FRIEDMAN & BROWN, LLC
3323 NW 55th Street, Fort Lauderdale, FL 33309
T: 954-966-0111
**Eservice: joel.brown@friedmanandbrown.com**
*Counsel for Plaintiff*